and costs. This statute affords a tenant a stay, the benefit of which ends only when a warrant in fact issues or a valid demand for its issuance is made. Therefore, it was error to grant petitioner's motion for an order of peremptory mandamus directing the clerk to issue a warrant of dispossess. (*Matter of Flewwellin* v. *Lent*, 91 App. Div. 430.) Lazansky, P. J., Young, Carswell, Scudder and Johnston, JJ., concur.

In the Matter of the Application of JOSEPH THIEL, Petitioner, for an Order of Certiorari to Review Certain Acts of WILLIAM J. TIFFANY, M. D., Superintendent of the Pilgrim State Hospital, Department of Mental Hygiene of Brentwood, County of Suffolk, State of New York, Respondent.— Determination annulled, certiorari proceeding sustained, and the matter remitted to the superintendent of the Pilgrim State Hospital, at Brentwood, Suffolk county, for a rehearing, without costs. Under subdivision 2 of section 34 of the Mental Hygiene Law, the superintendent is empowered " for cause stated in writing, after an opportunity to be heard " to " discharge any of such employees in his discretion." As a World war veteran, petitioner, under subdivision 1 of section 22 of the Civil Service Law, was entitled to " a hearing upon due notice upon stated charges, and with the right to such employee or appointee to a review by writ of certiorari. * * * The burden of proving incompetency or misconduct shall be upon the person alleging the same." The petitioner's opportunity to make his defense, to which he was entitled as a matter of law, was not accorded him. To that end the matter should be remitted for a new hearing. Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY BACH, Appellant.— Judgment of the County Court of Queens county, convicting defendant of the crime of forgery in the second degree, and orders, unanimously affirmed. No opinion. Lazansky, P. J., Hagarty, Tompkins and Davis, JJ., concur; Johnston, J., not voting.

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. HARRY BACH, Defendant. In the Matter of BENJAMIN B. WESLEY, an Attorney, Appellant. THOMAS DOWNS, County Judge, Respondent.—Appeal by an attorney and counselor at law from an order of the County Court of Queens county adjudging him to be guilty of criminal contempt of court and sentencing him to pay a fine of twenty-five dollars, or, in default thereof, to be committed to the city prison for one day for each dollar of the fine imposed. Were this appeal here on the merits it would require affirmance. It must, however, be dismissed, since a commitment for criminal contempt may not be tested by appeal. A criminal contempt in the sense of a willful disobedience during the course of a criminal trial is not a special proceeding within the meaning of section 515 of the Code of Criminal Procedure. (*People ex rel. Taylor* v. *Forbes*, 143 N. Y. 219; *People ex rel. Nunns* v. *County Court*, 188 App. Div. 424.) The remedy is by certiorari. Appeal dismissed. Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. HOWARD F. BERKEY and Others, Appellants, v. BERNARD H. FOLEY, Constituting the Board of Assessors of the Village of North Tarrytown, N. Y., and Others, Respondents.— Order in certiorari proceedings, determining question of law, affirmed, with costs. The assessor was not bound by the 1933 judgments. (1) A determination by three assessors in 1933 did not conclude one of their number in 1934. (2) The proof submitted by